UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA ABRONS,

          Plaintiff,

v.                             Case No. 3:13-cv-84-J-20JBT

JASON RODRIGUEZ, et al.,

          Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this action on January 22, 2013, by filing a pro se civil rights Complaint (Doc. 1) under 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 10) on April 8, 2013. In the Amended Complaint, Abrons names Sergeant Jason Rodriguez and Corrections Officer Martin as the Defendants and asserts that they assaulted him on May 30, 2012, at Florida State Prison (FSP). As relief, Abrons requests declaratory relief as well as compensatory and punitive damages.

The Court directed the United States Marshal or a Deputy United States Marshal to serve the Amended Complaint upon the Defendants at FSP. See Order of Special Appointment; Directing Service of Process Upon Defendants; Notice to Plaintiff (Doc. 14). Service of process was returned unexecuted as to both Defendants. According to the returns of service, Sergeant Jason Rodriguez was no longer a "current" FSP employee, and Officer Martin could not be located at FSP because his name was "too vague." See Returns of Service (Docs. 15, 16). Accordingly, the Court directed Plaintiff,

by March 18, 2015, to provide the whereabouts of Defendants Rodriguez and Martin as well as Martin's full name for service of process. See Order (Doc. 17). The Court provided Plaintiff with copies of the unexecuted returns of service to assist him. When Plaintiff requested additional time, see Response (Doc. 18), the Court granted his request and directed him to comply by April 29, 2015. See Order (Doc. 19). The Court later directed him to comply by May 20, 2015. See Order (Doc. 23).

On May 22, 2015, Plaintiff asserted that the Florida Department of Corrections (FDOC) had given him the "runaround" about obtaining the officers' personal information. See Response (Doc. 24). Therefore, the Court granted Plaintiff's request for assistance and directed the FDOC to notify the Court, by July 1, 2015, whether there were forwarding addresses for Defendants Rodriguez and Martin. See Order (Doc. 26). According to Plaintiff's assertions, Officer Martin and Sergeant Rodriguez, as FDOC employees, were assigned to FSP on May 30, 2012. The Court noted that such information might help in identifying and locating these officers. See id. The Court directed the FDOC to provide any confidential addresses in camera so that the United States Marshal could serve the Defendants. See id. In compliance with the Court's directive, the FDOC provided confidential addresses. On July 1, 2015, the Court directed service of process upon the Defendants at the confidential addresses that the FDOC provided in camera to the

Court. That same month, service of process was returned unexecuted as to both Defendants because neither Defendant lived at the confidential address provided by the FDOC.

Given the record, the Court, on September 8, 2015, stated in pertinent part:

> It appears that neither Plaintiff nor the FDOC is able to provide the Defendants' current addresses for service of process. The FDOC was required to assist, and the Marshal's Office made a good-faith effort to carry out service. Undoubtedly, reasonable efforts have been made to serve the Defendants. It seems that there is no basis to continue a case against Defendants who have not been served and whose whereabouts are unknown.

Order to Show Cause (Doc. 34), filed September 8, 2015. Therefore, the Court directed Plaintiff, by September 23, 2015, to show cause why this case should not be dismissed without prejudice to his right to refile at a later date. See id. The Court granted Plaintiff's requests for additional time to comply.

On November 10, 2015, the Court directed Plaintiff, no later than December 9, 2015, to show cause why this case should not be dismissed without prejudice to his right to refile at a later date. See Order (Doc. 38) (citing Order to Show Cause (Doc. 34)). The Court notified Plaintiff that his failure to comply by the designated deadline would result in the dismissal of this action without further notice for his failure to prosecute. See id. (citing Rule 3.10(a), Local Rules, United States District Court for the Middle District of Florida).

In prosecuting this action, Abrons is responsible for complying with this Court's Orders. As of the date of this Order, Abrons has neither complied with the Court's Orders (Docs. 34, 36, 38), explained his noncompliance, nor requested additional time to comply. Given that the designated time to respond to the Court's Order to Show Cause passed on December 9, 2015, and Abrons has not yet complied with the Court's Orders nor requested additional time, this Court concludes that the dismissal of this case is appropriate at this time.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice** for Abrons' lack of prosecution.[1] See Rule 3.10(a), Local Rules, United States District Court for the Middle District of Florida.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, closing the case, and terminating any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this _16__ day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] A 42 U.S.C. § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008).

sc 12/15
c:
Joshua Abrons, #L25412